Slip Op. 23-135

# UNITED STATES COURT OF INTERNATIONAL TRADE

HITACHI ENERGY USA INC.,

Plaintiff,

v.

UNITED STATES,

Defendant,

and

HYUNDAI HEAVY INDUSTRIES CO., LTD. AND HYUNDAI CORPORATION USA,

Defendant-Intervenors.

Before: Mark A. Barnett, Chief Judge
Court No. 16-00054

## OPINION

[Sustaining the U.S. Department of Commerce's fourth remand results.]

Dated: September 19, 2023

R. Alan Luberda, David C. Smith, Joshua R. Morey, Melissa M. Brewer, and Scott M. Wise, Kelley Drye & Warren, LLP, of Washington, DC, for Plaintiff.

John J. Todor, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. Of counsel was David W. Richardson, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

David E. Bond, Ron Kendler, Walter J. Spak, and William J. Moran, White & Case LLP, of Washington, DC, for Defendant-Intervenors.

Barnett, Chief Judge: This matter is before the court following the U.S.

Department of Commerce's ("Commerce" or "the agency") fourth redetermination upon

remand. *See* Final Results of Redetermination Pursuant to Ct. Remand (July 25, 2023)

("Fourth Remand Results"), ECF No. 210-1.[1]  The Fourth Remand Results pertain to Commerce's second administrative review of the antidumping duty order concerning large power transformers from the Republic of Korea for the period of review August 1, 2013, through July 31, 2014.  *See Large Power Transformers From the Republic of Korea*, 81 Fed. Reg. 14,087 (Dep't Commerce Mar. 16, 2016) (final results of antidumping duty admin. review; 2013–2014) ("*Final Results*"), ECF No. 27-2, and accompanying Issues and Decision Mem., A-580-867 (Mar. 8, 2016), ECF No. 27-2.

The court has issued several opinions resolving substantive issues raised in this case; familiarity with those opinions is presumed.  *See ABB, Inc. v. United States* ("*ABB I*"), 41 CIT __, 273 F. Supp. 3d 1200 (2017); *ABB Inc. v. United States* ("*ABB II*"), 42 CIT __, 355 F. Supp. 3d 1206 (2018), *recons. denied*, 43 CIT __, 375 F. Supp. 3d 1348 (2019); *ABB Inc. v. United States* ("*ABB III*"), 44 CIT __, 437 F. Supp. 3d 1289 (2020); *ABB Inc. v. United States* ("*ABB IV*"), 44 CIT __, 443 F. Supp. 3d 1354 (2020).  Most relevant for purposes of this opinion, the court in *ABB II and ABB III sustained* Commerce's application of partial adverse facts available (or "partial AFA") in connection with service-related revenues that Hyundai Heavy Industries Co. and Hyundai Corp. USA (together, "Hyundai"), a respondent in the underlying proceeding, failed to report.  *See ABB II*, 355 F. Supp. 3d at 122123; *ABB III*, 437 F. Supp. 3d at 1300.  In sustaining the use of partial AFA, the court also sustained Commerce's decision not to issue Hyundai a supplemental questionnaire pursuant to 19 U.S.C.

[1] The administrative record associated with Commerce's Remand Results is contained in both Public and Confidential Remand Records, ECF Nos. 211-1, 211-2.

§ 1677m(d).  *See ABB II*, 355 F. Supp. 3d at 1222.  The U.S. Court of Appeals for the

Federal Circuit ("Federal Circuit") vacated and remanded that decision, holding that

Hyundai should have been afforded the opportunity to supplement the record pursuant

to 19 U.S.C. § 1677m(d) and that Commerce's resort to partial AFA was unsupported

by substantial evidence.  *See Hitachi Energy USA Inc. v. United States*, 34 F.4th 1375,

1382–86 (Fed. Cir. 2022).[2]  The Federal Circuit's decision led to Commerce's issuance

of the Fourth Remand Results.  *See* Fourth Remand Results at 1; Order (Dec. 16,

2022), ECF No. 200 (ordering remand to Commerce for reconsideration consistent with

*Hitachi Energy USA Inc.*).

On July 25, 2023, Commerce issued its Fourth Remand Results.  Therein, in

accordance with *Hitachi Energy USA Inc.*, Commerce reconsidered its *Final Results,*

allowing Hyundai to supplement its questionnaire response by providing additional

information regarding service-related revenues and expenses.  *Id*. at 1–2.  Commerce

accepted this information and recalculated the final antidumping duty margin for

Hyundai.  *Id*. at 2.

**JURISDICTION AND STANDARD OF REVIEW**

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of

1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018) and 28 U.S.C. § 1581(c)

---

[2] On February 24, 2022, the court granted Plaintiff's motion to amend the caption to reflect the Plaintiff's name change to "Hitachi Energy USA Inc."  *See* Order (Feb. 24, 2022), ECF No. 194.

(2018).  The court will uphold an agency determination that is supported by substantial

evidence and otherwise in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

The deadline for any comments in opposition to the Fourth Remand Results was

August 30, 2023.  *See* Am. Scheduling Order (July 6, 2023), ECF No. 209.  The

deadline has lapsed with no comments in opposition having been filed.  Commerce's

Fourth Remand Results are uncontested and comply with the opinion of the Federal

Circuit and the court's remand order for Commerce to provide Hyundai an opportunity to

supplement the record with information concerning service-related revenue and

subsequently redetermine any dumping margin.

## CONCLUSION

There being no substantive challenge to the Fourth Remand Results, and that

decision being otherwise lawful and supported by substantial evidence, the court

sustains Commerce's Fourth Remand Results.  Judgment will be entered accordingly.



/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge


Dated: September 19, 2023
       New York, New York